IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. **3 : 07 cr 0 0 9 2** |
| | | **THOMAS M. ROSE** |
| v. | : | |
| **(1) CHAWNSAE REDD** | | **I N D I C T M E N T** |
| **aka MATT** | : | 18 U.S.C. § 2 |
| **aka MACK** | | 18 U.S.C. § 922(A)(1)(a) |
| (COUNTS 1-4, 6-10) | : | 18 U.S.C. § 922(g)(1) |
| | | 18 U.S.C. § 924(a)(2) |
| | : | 21 U.S.C. § 841(a)(1) |
| | | 21 U.S.C. § 841(a)(1)(A)(iii) |
| **(2) RONALD HAMPTON, JR.** | : | 21 U.S.C. § 841(b)(1)(C) |
| **aka SMOOTH** | | 21 U.S.C. § 841(b)(1)(B)(iii) |
| (COUNTS 1, 3, 6, 10) | : | 21 U.S.C. § (b)(1)(C)(iii) |
| | | 21 U.S.C. § 846 |
| | : | 26 U.S.C. § 5861(d) |
| | | 26 U.S.C. § 5871 |
| **(3) JEREMY D. SMITH** | : | |
| (COUNT 1 ) | | **FORFEITURE ALLEGATIONS** |
| | : | |
| **(4) LEVI K. SMITH, IV** | | |
| **aka LEVY K. SMITH** | : | |
| (COUNTS 1 and 5) | | |
| | : | |
| **(5) PATRICK HULLABY** | | |
| **aka PHAZE 3** | : | |
| (COUNT 1) | | |
| | : | |
| **(6) MONIQUE DAVIS** | | |
| (COUNTS 1, 6) | : | |

THE GRAND JURY CHARGES THAT:

## COUNT 1
## (CONSPIRACY TO DISTRIBUTE AND POSSESS WITH THE INTENT TO DISTRIBUTE SCHEDULE II CONTROLLED SUBSTANCES)

Beginning on an exact date unknown, but at least by on or about August 12, 2005, and continuing up to and including the date of this Indictment, in the Southern District of Ohio and elsewhere, the defendants herein, **CHAWNSAE REDD aka MATT, RONALD HAMPTON, JR, JEREMY D. SMITH, LEVI K. SMITH aka LEVY K. SMITH, PATRICK HULLABY aka PHAZE 3, MONIQUE DAVIS,** and others known and unknown to the Grand Jury, did knowingly, willfully, intentionally, and unlawfully combine, conspire, confederate, and agree, and have a tacit understanding with each other, to commit offenses against the United States, to wit: to knowingly, and intentionally, unlawfully distribute and possess with intent to distribute in excess of 50 grams of cocaine base, commonly known as "crack", a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii), cocaine, a Schedule II Controlled Substance, and heroin, a Schedule I Controlled Substance, both in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) .

### Objects of the Conspiracy

1.      It was an object of the conspiracy that co-conspirators would obtain quantities of cocaine, crack cocaine, and heroin for distribution in the Dayton, Ohio area.

2.      It was also an object of the conspiracy that the co-conspirators would then distribute the cocaine, crack cocaine, and heroin through street level transactions at various locations throughout the Dayton, Ohio area.

-2-

3.     It was also an object of the conspiracy co-conspirators would possess firearms during drug transactions in the Southern District of Ohio.

4.     It was also an object of the conspiracy that co-conspirators would collect cash payment from drug customers in the Dayton, Ohio area.

5.     It was also an object of the conspiracy, that co-conspirators would avoid detection by law enforcement investigators by the use of drug houses, cellular telephones, and cash transactions.

6.     It was also an object of the conspiracy that co-conspirators would maintain residences and other real property in the Southern District of Ohio and elsewhere, in their own names and in the names of others, to store, package, and/or distribute illegal substances within the Southern District of Ohio.

### Manner and Means

It was a part of the conspiracy that defendant **CHAWNSAE REDD aka MATTaka MACK** and others would utilize cellular telephones to arrange for the distribution of cocaine, crack cocaine and/or heroin within the Southern District of Ohio.

It was further part of the conspiracy, that during telephone conversations, defendant **CHAWNSAE REDD aka MATT aka MACK** and others would discuss price, availability, and delivery, and payment of drugs.

It was further part of the conspiracy, that  defendants **CHAWNSAE REDD aka MATT aka MACK,  RONALD HAMPTON aka SMOOTH, LEVI K. SMITH aka LEVY K. SMITH, JEREMY D. SMITH, PATRICK HULLABY, MONIQUE DAVIS** and other co-conspirators

-3-

would conduct drug transactions at drug houses, hotels, parking lots and various other location in the Dayton, Ohio area.

It was further part of the conspiracy that defendant **MONIQUE DAVIS** and other co-conspirators acted as lookouts during drug transactions.

It was further part of the conspiracy, that **CHAWNSAE REDD aka MATT aka MACK, RONALD HAMPTON aka SMOOTH, LEVI K. SMITH aka LEVY K. SMITH, JEREMY D. SMITH, MONIQUE DAVIS,** and other distributed in excess of 87 grams of crack cocaine, 21 grams of cocaine, and 65 grams of heroin in and around the Dayton, Ohio area.

## OVERT ACTS

In furtherance of this conspiracy and to effect and accomplish the objectives of it, in the Southern District of Ohio and elsewhere, one or more of the defendants, or one of their co-conspirators, performed and committed at least one of the following overt acts, among others:

1. On or about August 12, 2005, defendant Southern District of Ohio and elsewhere, the defendant, **CHAWNSAE REDD aka MATT** possessed approximately 21 grams of a mixture of heroin and cocaine, 8.94 grams of cocaine, 2.48 grams of crack cocaine and a Ruger Model P95DC 9 mm semiautomatic handgun at a Northland Village apartment located in Dayton, Ohio.

2. On or about October 16, 2006, defendant **RONALD HAMPTON aka SMOOTH**, sold approximately .75 grams of heroin to a confidential informant at a car wash located at the corner of Stuckhardt Drive and Main Street, Dayton, Ohio.

3. On or about November 21, 2006, the defendants **CHAWNSAE REDD aka MATT** and **PATRICK HULLABY aka PHAZE 3** sold approximately 6.9 grams of cocaine to an undercover officer.

-4-

4.     On or about November 22, 2006, defendant **CHAWNSAE REDD aka MATT** engaged in a telephone conversation with the undercover officer from the November 21, 2006 sale and offered to supply the officer with cocaine and crack cocaine.

5.     On or about November 28, 2006, the defendants **CHAWNSAE REDD aka MATT, LEVI K. SMITH aka LEVY K. SMITH, RONALD HAMPTON aka SMOOTH, JEREMY D. SMITH,** and others known and unknown to the Grand Jury possessed approximately 1.53 grams of heroin, two loaded handguns and approximately $13,653 in drug proceeds at Best Western hotel located at 2401 Needmore Road, Dayton, Ohio.

6.     On or about November 28, 2006, the defendant **JEREMY D. SMITH,** and others known and unknown to the Grand Jury possessed approximately 5.1 grams of crack cocaine, 13 grams of cocaine, 21 grams of heroin, three handguns, and scales, at the residence of defendant **RONALD HAMPTON aka SMOOTH** located at 2716 North Main Street, Dayton, Ohio.

7.     On or about December 1, 2006, the defendant **CHAWNSAE REDD aka MATT** engaged in a series of telephone conversation with an undercover police officer to negotiate the sale of crack cocaine. During the conversation, defendant **CHAWNSAE REDD aka MATT** directed the undercover officer to meet him at 5104 Embassy Place, Dayton, Ohio.

8.     On or about December 1, 2006, the undercover police officer met with defendants **JEREMY D. SMITH** and **LEVI K. SMITH aka LEVY K. SMITH** at 5104 Embassy Place, Dayton, Ohio where they sold the officer approximately 3.5 grams of crack cocaine on behalf of defendant **CHAWNSAE REDD aka MATT**. During the transaction, defendant **CHAWNSAE REDD aka MATT** spoke with defendants **JEREMY D. SMITH, LEVI K. SMITH aka LEVY K. SMITH** and the undercover officer via telephone to provide directions for the transaction.

9.     On or about December 26, 2006, the defendants **CHAWNSAE REDD aka MATT, JEREMY D. SMITH** and other co-conspirators known and unknown to the Grand Jury, possessed three handguns, three assault rifles, a revolver, a rifle, approximately 41.78 grams of heroin, 21.59 grams of crack cocaine, and approximately $2,841 in U.S. currency.

10.    On or about December 27, 2006, the defendant **CHAWNSAE REDD aka MATT** spoke telephonically with an undercover officer and offered to sell crack cocaine to the officer at a lower price than the previous drug transactions.

11.    On or about January 4, 2007, defendant **CHAWNSAE REDD aka MATT**, spoke with an undercover police officer telephonically and directed the officer to meet him at Advance Auto Parts located on Salem Avenue, Dayton, Ohio. That same day, defendants, **CHAWNSAE REDD aka MATT, RONALD HAMPTON, JR. aka SMOOTH aka SMOOTH**, and **MONIQUE DAVIS**, drove together in defendant **DAVIS'** black, Pontiac to Advance Auto Parts located at Salem Avenue to deliver crack cocaine to the undercover officer and another individual. Upon arrival, **RONALD HAMPTON, JR. aka SMOOTH aka SMOOTH** approached the sole occupant of a gray pick-up truck and sold the individual a quantity of crack cocaine. At the same time, defendant **CHAWNSAE REDD aka MATT** sold the undercover officer approximately 4.24 grams of crack cocaine, in the backseat of defendant **MONIQUE DAVIS'** car. During the transaction, defendants **CHAWNSAE REDD aka MATT, RONALD HAMPTON, JR. aka SMOOTH aka SMOOTH**, and **MONIQUE DAVIS** possessed an additional two ounces of crack cocaine.

12.    On or about January 5, 2007, defendant **CHAWNSAE REDD aka MATT** telephoned an undercover officer and offered to sell the officer a sawed off shotgun for $200.

13.    On or about January 8, 2007, defendants **CHAWNSAE REDD aka MATT** and **MONIQUE DAVIS** drove to Wendy's restaurant located at 4997 North Main Street, Dayton, Ohio, in defendant **DAVIS'** car. Upon arrival, defendant **CHAWNSAE REDD aka MATT** sold a 12 gauge shotgun and approximately 3.8 grams of crack cocaine to the undercover officer. During the transaction, defendant **CHAWNSAE REDD aka MATT** advised the undercover officer that defendant **REDD** had additional firearms for sale.

14.    On or about January 16, 2007, defendant **CHAWNSAE REDD aka MATT** had a telephone conversation with an undercover officer during which, defendant **CHAWNSAE REDD aka MATT** offered to sell the officer a machine gun. During the conversation, defendant **CHAWNSAE REDD aka MATT** also agreed to sell the undercover officer an ounce of cocaine for $700.

15.    On or about January 16, 2007, defendants **CHAWNSAE REDD aka MATT** and another individual known to the grand jury, drove to a Kroger's parking lot located in the Dayton, Ohio area to meet with the undercover officer. Upon arrival, defendant **CHAWNSAE REDD aka MATT** sold approximately 16.66 grams of crack cocaine to the undercover officer. During the transaction, defendant **CHAWNSAE REDD aka MATT** directed the undercover officer to call him about the gun.

16. On or about January 16, 2007, defendant **RONALD HAMPTON, JR. aka SMOOTH aka SMOOTH,** and another co-conspirator known to the Grand Jury, sold approximately .78 grams of heroin to a confidential informant at 2716 North Main Street, Dayton, Ohio.

17. On or about January 17, 2006, defendants **CHAWNSAE REDD aka MATT aka MACK** and **MONIQUE DAVIS** met with an undercover police officer in the vicinity of Carson Street, Dayton, Ohio. At the meeting, defendant **CHAWNSAE REDD aka MATT aka MACK** sold a 50 caliber black powder rifle to the officer while defendant **MONIQUE DAVIS** acted as a lookout. Defendant **CHAWNSAE REDD aka MATT aka MACK** also gave the officer approximately 2.63 grams of crack cocaine to make up for shorting the officer of 6 grams of crack cocaine during the aforementioned January 16, 2001 Kroger parking lot transaction.

18. On or about January 19, 2007, defendants **CHAWNSAE REDD aka MATT aka MACK** and **RONALD HAMPTON** aka SMOOTH, met with an undercover police officer in the vicinity of Forest Glen Road, Dayton, Ohio. During the meeting, defendant **CHAWNSAE REDD aka MATT aka MACK** sold approximately 22.41 grams of crack cocaine, and 6 grams of powder cocaine to the undercover officer.

19. On or about January 24, 2007, defendants **CHAWNSAE REDD aka MATT aka MACK** and **RONALD HAMPTON** aka SMOOTH sold a loaded Cobray 12 gauge Street Sweeper shotgun and ammunition to an undercover police officers in the parking lot of Riverside Terrace Apartments located in Dayton, Ohio.

20. On or about January 24, 2007, defendant **CHAWNSAE REDD aka MATT aka MACK** met with undercover police officers at the parking lot of Rooster's restaurant located at 2501 North Main Street. During the meeting, defendant **CHAWNSAE REDD aka MATT aka MACK** sold approximately 5.52 grams of crack cocaine to the undercover officer.

21. On or about January 31, 2007, defendants **CHAWNSAE REDD aka MATT aka MACK** and **RONALD HAMPTON** aka SMOOTH,, and an individual unknown to the Grand Jury, met with undercover officers at the Advance Auto parking lot located at 2969 Salem Avenue, Dayton, Ohio. At the meeting, defendants **CHAWNSAE REDD aka MATT aka MACK** and **RONALD HAMPTON** aka SMOOTH sold the officers approximately 4.56 grams of crack cocaine, and a .98 gram mixture containing heroin and cocaine.

22.  On or about January 31, 2007, defendant **CHAWNSAE REDD aka MATT aka MACK** sold undercover police officers a Ranger double barrel 12 gauge shotgun in the vicinity of 48 Ashwood, Dayton, Ohio.

23.  Beginning on an exact date unknown, but at least by January 15, 2005 and continuing to present, defendants **CHAWNSAE REDD aka MATT aka MACK, RONALD HAMPTON, JR, JEREMY D. SMITH, LEVI K. SMITH aka LEVY K. SMITH, PATRICK HULLABY aka PHAZE 3, MONIQUE DAVIS,** and other co-conspirators known and unknown to the Grand Jury, distributed in excess of 50 grams of crack cocaine.

All in violation of 21 U.S.C. § 846.

## COUNT 2
### (FELON IN POSSESSION)

On or about January 8, 2007, in the Southern District of Ohio, the defendant,

**CHAWNSAE REDD aka MATT aka MACK,** being a person having been convicted of a

crime punishable by a term of imprisonment exceeding one year, that is, on or about April 17,

2006, **CHAWNSAE REDD aka MATT aka MACK** was convicted in the Court of Common

Pleas, Montgomery County, Ohio in Case Numbers 2005 CR 04249 and 2005 CR 04249B, of

violations of O.R.C. 2923.12(A) and 2925.11(A)/2923.02(A), respectively, did knowingly

possess, in commerce and affecting commerce, a Shan Dong 1st Machine Works Model YL12-

IJ4 12 gauge shotgun, serial #0404607.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## COUNT 3
### (FELON IN POSSESSION)

On or about January 24, 2007, in the Southern District of Ohio, the defendants,

-8-

**CHAWNSAE REDD aka MATT aka MACK**, and **RONALD HAMPTON** aka **SMOOTH,**

being persons having been convicted of a crime punishable by a term of imprisonment exceeding

one year, that is: on or about April 17, 2006, **CHAWNSAE REDD aka MATT aka MACK**

was convicted in the Court of Common Pleas, Montgomery County, Ohio in Case Numbers 2005

CR 04249 and 2005 CR 04249B, of violations of 2923.12(A) and 2925.11(A)/2923.02(A),

respectively; on or about November 25, 2003, **RONALD HAMPTON** aka **SMOOTH** was

convicted in the Court of Common Pleas, Montgomery County, Ohio in Case Numbers 2003 CR

02514 and 2003 CR 02808, of violations of O.R.C. 2911.12(A)(4) and

2921.331(C)(5)(a)(ii)/2921.331(B), respectively, did knowingly possess, in commerce and

affecting commerce, a Cobray Model Street Sweeper 12 gauge shotgun, serial #10615.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and 18 U.S.C. § 2.

## COUNT 4
## (FELON IN POSSESSION)

On or about January 31, 2007, in the Southern District of Ohio, **CHAWNSAE REDD**

**aka MATT aka MACK,** being a person who had been convicted of a crime punishable by a

term of imprisonment exceeding one year, that is, on or about April 17, 2006, **CHAWNSAE**

**REDD aka MATT aka MACK** was convicted in the Court of Common Pleas, Montgomery

County, Ohio in Case Numbers 2005 CR 04249 and 2005 CR 04249B, of violations of O.R.C.

2923.12(A) and 2925.11(A)/2923.02(A), respectively, did knowingly possess, in commerce and

affecting commerce, a Ranger double barrel 12 gauge shotgun, serial #X27044.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

-9-

## COUNT 5
### (FELON IN POSSESSION)

On or about May 6, 2007, the defendant, **LEVI K. SMITH aka LEVY K. SMITH, IV** aka **LEVY K. SMITH,** being a person who had been convicted of a felony, that is, on or about November 22, 2006, **LEVI K. SMITH aka LEVY K. SMITH, IV** aka **LEVY K. SMITH** was convicted in the Common Pleas Court of Montgomery County, Ohio, in Case Numbers 2006 CR 00403 and 2006 CR 02406, of violations of O.R.C. 2925.11(A)/2923.02(A) and 2923.13(A)(3), respectively, did knowingly possess, in commerce and affecting commerce, a Glock Model 26 9 mm pistol, serial# DDW570US.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## COUNT 6
### (POSSESSION WITH INTENT TO DISTRIBUTE COCAINE BASE)

On or about January 4, 2007, in the Southern District of Ohio, defendants, **CHAWNSAE REDD aka MATT aka MACK, RONALD HAMPTON** aka **SMOOTH** and **MONIQUE DAVIS**, did knowingly and intentionally possess with intent to distribute cocaine base, commonly known as "crack", a Schedule II Controlled Substance.

In violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C)(iii), and 18 U.S.C. § 2.

## COUNT 7
### (POSSESSION WITH INTENT TO DISTRIBUTE COCAINE BASE)

On or about January 16, 2007, in the Southern District of Ohio, the defendant, **CHAWNSAE REDD aka MATT aka MACK**, did knowingly and intentionally possess with intent to distribute in excess of 5 grams of cocaine base, commonly known as "crack", a Schedule II Controlled

Substance.

In violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii).

## COUNT 8
### (POSSESSION WITH INTENT TO DISTRIBUTE COCAINE BASE)

On or about January 19, 2007, in the Southern District of Ohio, the defendant, **CHAWNSAE REDD aka MATT aka MACK**, did knowingly and intentionally possess with intent to distribute in excess of 5 grams of cocaine base, commonly known as "crack", a Schedule II Controlled Substance.

In violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii).

## COUNT 9
### (POSSESSION WITH INTENT TO DISTRIBUTE COCAINE BASE)

On or about January 24, 2007, in the Southern District of Ohio, the defendant, **CHAWNSAE REDD aka MATT aka MACK**, did knowingly and intentionally possess with intent to distribute in excess of 5 grams of cocaine base, commonly known as "crack", a Schedule II Controlled Substance.

In violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii).

## COUNT 10
### (POSSESSION OF UNREGISTERED FIREARM/DESTRUCTIVE DEVICE)

On or about January 24, 2007, in the Southern District of Ohio, defendants, **CHAWNSAE REDD aka MATT aka MACK,** and **RONALD HAMPTON aka SMOOTH,** did knowingly possess a firearm as described by Section 5845(a) and (f), Title 26, United States Code, that is, a

loaded Cobray Model Street 12 gauge shotgun, serial #10615, which firearm was not registered to them in the National Firearms Registration and Transfer Records as required by Section 5841, Title 26, United States Code.

In violation of 26 U.S.C. §§ 5861(d), 5871 and 18 U.S.C. § 2.

## FORFEITURE ALLEGATION

As a result of the violation in Counts 1 through 10 of the Indictment, each defendant charged in said Counts shall forfeit to the United States pursuant to Title 21, United States Code, Section 853(a):

> (1) any and all property constituting, or derived from, any proceeds the defendant(s) obtained, directly or indirectly, as the result of such violation; and/or

> (a)(2) any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation.

If any of said forfeitable property, as a result of any act or omission of the defendant(s):

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property

-12-

## FIREARM FORFEITURE ALLEGATION

Upon conviction of Counts 1 through 10 of this Indictment, defendants **CHAWNSAE REDD aka MATT, RONALD HAMPTON, JR,** and **LEVI K. SMITH aka LEVY K. SMITH** shall forfeit to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in the commission of the offenses.

A TRUE BILL

/S/

FOREPERSON

GREGORY G. LOCKHART
United States Attorney

VIPAL PATEL
Deputy Chief, Criminal Division

-13-